UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YI DI JIANG,

                Plaintiff,

     v.

PAMELA BONDI, ATTORNEY GENERAL
OF THE UNITED STATES; KRISTI NOEM,
SECRETARY OF HOMELAND SECURITY;
KIKA SCOTT, ACTING DIRECTOR, US
CITIZENSHIP AND IMMIGRATION
SERVICES (USCIS); CONNIE NOLAN,
USCIS ASSOCIATE DIRECTOR FOR
SERVICE CENTER OPERATIONS; and
ANDREA QUARANTILLO, USCIS NEW
YORK DISTRICT DIRECTOR,

                Defendants.

**MEMORANDUM & ORDER**
24-CV-03138 (HG)

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff, Yi Di Jiang, brings this action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, and the Mandamus Act, 28 U.S.C. § 1361, against a number of government officials[1] seeking to compel their agencies to adjudicate certain immigration applications "in a manner in accordance with law," ECF No. 14 at 14 (Am. Compl.; "AC").[2] Defendants have moved to dismiss Plaintiff's claims under Rules 12(b)(1) and 12(b)(6), primarily claiming that this Court lacks subject-matter jurisdiction. For the below reasons, the motion to dismiss is GRANTED.

---

[1]     Pursuant to Rule 25(d), Attorney General Pamela Bondi, Secretary of the Department of Homeland Security ("DHS") Kristi Noem, and Acting Director of U.S. Citizenship and Immigration Services ("USCIS") Kika Scott are automatically substituted for their predecessors as Defendants. The Clerk of Court has updated the docket accordingly.

[2]     Unless otherwise noted, the Court refers to the pages assigned by the Electronic Case Files system ("ECF").

**BACKGROUND**

Plaintiff is a citizen of China who arrived in the United States in 1992. AC ¶ 12. He has been subject to removal since 2011, when the Court of Appeals denied his most recent petition for review. *Jia Jia Zhang v. Holder*, 429 F. App'x 12, 15 n.4 (2d Cir. 2011). In 2018, Plaintiff filed an I-485 application to adjust his status. AC ¶ 13. On August 5, 2021, while Plaintiff's I-485 application was pending, USCIS requested that Plaintiff submit an I-601 waiver "for alleged fraud in his immigration history." *Id.* ¶ 18. An inadmissible alien may use form I-601 for a waiver. *See I-601, Application for Waiver of Grounds of Inadmissibility*, USCIS, https://perma.cc/P793-MTSY (last updated Apr. 28, 2025). Plaintiff submitted his I-601 application on October 9, 2021. AC ¶ 19. On September 29, 2022, USCIS denied both applications. *Id.* ¶ 20. On September 10, 2023, USCIS reopened each application, but subsequently denied them again on May 31, 2024. *Id.* ¶¶ 21, 24.

In its May 2024 decision denying the I-485 application, USCIS concluded that Plaintiff was inadmissible on the basis of "fraud and willful misrepresentation" because Plaintiff "entered the U.S. using a fraudulent U.S. nonimmigrant visa and because [he] attempted to receive asylum before the immigration court in 1994 through fraud or willful misrepresentation of a material fact." AC at 85.[3] USCIS further stated that even had Plaintiff been statutorily eligible for an adjustment of status, it would have not exercised its discretion to grant him a status adjustment because of "significant adverse factors" in his case, including "repeated false statements to

---

[3] The Court cites to the enumerated paragraphs of the AC where available; otherwise, the Court cites to the relevant ECF page. The Court may refer to exhibits attached to the AC, *see Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 247–48 (2d Cir. 2017), and, in any event, may look outside the pleadings when its subject-matter jurisdiction is challenged, as here, *see Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

2

government authorities." *Id.* at 85–86.  Now, in this case, Plaintiff contests all this, claiming that he "is *prima facie* eligible for adjustment of status and a waiver of inadmissibility."  *Id.* ¶ 26.

Following pre-motion practice, Defendants filed their motion to dismiss on October 15, 2024.  *See* ECF No. 19; ECF No. 19-1 ("Mot.").  Plaintiff filed his opposition on November 12, 2024.  *See* ECF No. 20 ("Opp.").  Defendants filed their reply on November 27, 2024.  *See* ECF No. 21 ("Reply").

## LEGAL STANDARD

"A district court properly dismisses an action under [Rule 12(b)(1)] for lack of subject-matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms. S.à.r.l.*, 790 F.3d 411, 416–17 (2d Cir. 2015).[4]  Plaintiff must demonstrate by a preponderance of the evidence that subject-matter jurisdiction exists.  *Makarova*, 201 F.3d at 113.

## DISCUSSION

Plaintiff seeks relief under the APA and Mandamus Act.  Defendants argue that various jurisdiction-stripping provisions of the Immigration and Nationality Act ("INA") deprive this Court of subject-matter jurisdiction.  For the reasons explained below, the Court agrees.

### I.  Jurisdiction-Stripping

#### A.  Section 1252(a)(5)

8 U.S.C. § 1252(a)(5) provides, in relevant part, that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter."

---

[4] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

Thus, only the Court of Appeals, and not this Court, can review a challenge to a removal order. *Santos-Torres v. Houghton*, No. 22-297, 2022 WL 17543154, at *1 (2d Cir. Dec. 9, 2022). Importantly, this provision prohibits the district court from hearing not just "direct challenge[s]" to removal orders, but also "indirect challenge[s]." *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011).

As it relates to Section 1252(a)(5), the dispute turns on whether Plaintiff seeks to indirectly challenge the removal order against him. To answer that question, the Court must look past how he labels his claims and examine the "substance of the relief" sought. *Delgado*, 643 F.3d at 55. Here, granting Plaintiff relief would send this case back to USCIS and require it "to adjudicate the I-485 Application and the I-601 Application in a manner in accordance with law," AC at 14, which he says the agency previously misapplied: "USCIS'[s] denial decision was based on erroneous application of the law on waiver eligibility and adjustment of status eligibility to the facts of Plaintiff's case," *id.* ¶ 43. On its face, that indirectly challenges the order of removal because it would have the Court require USCIS to revisit and, presumably, grant Plaintiff a status adjustment. The Second Circuit agrees. In *Singh v. USCIS*, it held that Section 1252(a)(5) stripped the district court of jurisdiction to "to require the USCIS to consider the merits of [plaintiff's] adjustment-of-status application" because that was "the first step in adjusting his status to that of a lawful permanent resident [('LPR')]." 878 F.3d 441, 446 (2d Cir. 2017). And "[i]f he succeeded in becoming a[n LPR], his pending removal order would, he hopes, be rendered a nullity." *Id.*

Plaintiff resists this conclusion, but his arguments are unpersuasive. First, he says that Section 1252(a)(5) deprives the Court of jurisdiction only with respect to challenges to an "order of removal," but that "[t]his action has nothing to do with his outstanding removal, and concerns

4

only adjustment of status." Opp. at 7. Not so. Following *Delgado*, it is clear that "Section 1252(a)(5)'s prohibition applies broadly," and reaches situations "where the claim is a necessary prerequisite to the plaintiff's ultimate goal of adjustment of status." *Singh*, 878 F.3d at 445–46. Second, Plaintiff tries to distinguish *Delgado* on the facts by stating that it involved an I-212 application, which directly concerns waiver of a removal order, whereas an adjustment of status application is unrelated to a removal order, and that even if the Court granted him relief, he would still need to take further action such as "mov[ing] to reopen his removal order." Opp. at 7–8. That argument also fails for basically the same reason. Requiring USCIS to reconsider the petition would be a "first step" toward nullifying the removal order. *Singh*, 878 F.3d at 446. Accordingly, district courts routinely find that they lack subject-matter jurisdiction over, as here, efforts to compel favorable adjudication of I-485 applications. *See, e.g.*, *Chen v. Johnson*, No. 15-cv-3422, 2016 WL 4544034, at *5 (E.D.N.Y. Aug. 30, 2016) ("Here, Chen is subject to an order of removal, and, as in *Delgado*, this action, in effect, challenges that order. If the Court were to order USCIS to adjudicate Chen's adjustment of status application and USCIS were to grant the adjustment of status, Chen would become a[n LPR] and the order of removal would become invalid.").

Third, Plaintiff says that the Second Circuit and district courts have "narrowed the scope of *Delgado*" by finding certain forms of relief "reviewable because they do not implicate the removal order." Opp. at 8. To be sure, *Delgado* made clear that "a suit brought against immigration authorities is not *per se* a challenge to a removal order," citing, for instance, a habeas petition challenging the constitutionality of an arrest. *See Delgado*, 643 F.3d at 55. But the authorities he relies on are distinguishable, unpersuasive, or both. For example, in *Calderon v. Sessions*, the district court concluded that Section 1252(a)(5) did not deprive it of jurisdiction

where a habeas petitioner sought only "access to a lawful regulatory process" provided by DHS before removal. 330 F. Supp. 3d 944, 955–56 (S.D.N.Y. 2018). But *Calderon* was unlike this case because, as Defendants argue, *see* Reply at 8, plaintiff there wanted to file an application before DHS. *See Calderon*, 330 F. Supp. 3d at 955–56. Here, in contrast, Plaintiff demands that the court judicially review USCIS's decisions and tell USCIS that it erred. *See, e.g.*, AC ¶ 66 (alleging that USCIS's denial "does not comply with the applicable legal standards and does not correctly assess the facts in the record"). And that points to a principled problem. As Judge Furman has observed in rejecting such an application of *Calderon*, finding jurisdiction based on the semantic distinction proposed by Plaintiff would require the Court to embrace "the fiction" that Plaintiff is not actually challenging his removal order. *See Asylum Seeker Advoc. Project v. Barr*, 409 F. Supp. 3d 221, 227 (S.D.N.Y. 2019). *S.N.C. v. Sessions* is similarly unhelpful. No. 18-cv-7680, 2018 WL 6175902 (S.D.N.Y. Nov. 26, 2018). There, the court concluded that Section 1252(a)(5) did not deprive it of jurisdiction where plaintiff sought to avoid removal before adjudication of her T-visa (for victims of human trafficking). *Id.* at *1, *4. The court reasoned that if she received a T-visa, it would not "automatic[ally]" cancel her removal order. *Id.* at *4. But that court explicitly distinguished the case affirmed by the Second Circuit in *Singh*. *See id.* And plaintiff in *Singh*, like plaintiff here, sought an adjustment of status. *See Singh v. USCIS*, No. 15-cv-1411, 2016 WL 1267796, at *5 (S.D.N.Y. Mar. 30, 2016).

Fourth, Plaintiff argues that cases like *Delgado* and the underlying decision in *Singh* (which was affirmed in a precedential decision by the Court of Appeals) were wrongly decided, adopting an "erroneous[] view[]" of the effect of an adjustment of status. Opp. at 9–10. The Court easily rejects that argument, which asks this Court to overstep its role as a subordinate court bound to Circuit precedent. *See Packer ex rel. 1-800-Flowers.com, Inc. v. Raging Cap.*

6

*Mgmt., LLC*, 105 F.4th 46, 53–54 (2d Cir. 2024).  This is not a close call.  Plaintiff presents no intervening Supreme Court authority which might even "cast doubt" on cases like *Delgado*.  *Id.*[5]

Fifth, Plaintiff argues that the REAL ID Act, which created Section 1252(a)(5)'s jurisdiction-stripping provision, does not apply to final removal orders, like his, which became effective before the legislation's enactment in 2005.  *See* Opp. at 11–13.  But Plaintiff's removal order became final in 2007, when USCIS ordered him excluded and deported to China.  AC at 85.  In any event, notwithstanding Plaintiff's representation that "n[o] cases have addressed the issue [of the REAL ID Act's retroactivity] directly," Opp. at 12, the Second Circuit has explicitly ruled, based on the statutory language, that the jurisdiction-stripping provision applies in cases in which the final removal order took effect before the REAL ID Act's effective date.  *See Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 113 (2d Cir. 2008).

For the foregoing reasons, Plaintiff's challenges in this case indirectly attack the final order of removal issued against him, and so Section 1252(a)(5) deprives this Court of subject-matter jurisdiction.

      B.     *Section 1252(a)(2)(B)(i)*

Even if the Court agreed that Plaintiff got around Section 1252(a)(2), another provision independently strips this Court of subject-matter jurisdiction.  As relevant here, 8 U.S.C. § 1252(a)(2)(B)(i) provides that "regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1182(i) . . . or 1255 of this title."  Defendants argue that the

---

[5] Relatedly, the Court rejects Plaintiff's argument that it should reject *Delgado*'s view of Section 1252(a)(2)'s broad scope because of the risk that such an interpretation precludes judicial review in some circumstances.  *See* Opp. at 11.  For the reasons just explained, the Court must decline the invitation to depart from *Delgado* in that way.

Court lacks jurisdiction in this case because Plaintiff "alleges that he is eligible for adjustment under section 1255(a) and for a waiver under section 1182(i)(1)." Mot. at 16. Plaintiff does not dispute that he seeks review under these sections. Nor could he, as the Amended Complaint invokes them. *See* AC ¶¶ 28, 33. Rather, he argues that Section 1252(a)(2) does not actually strip this Court of jurisdiction. The Court disagrees.

First, Plaintiff argues that the "judgments" contemplated by Section 1252(a)(2)(B)(i) are those of an immigration judge and not USCIS, and so there is no "judgment" in this case depriving this Court of jurisdiction. *See* Opp. at 16–22. However, as of a few days ago, binding precedent forecloses that argument. In *Xia v. Bondi*, the Second Circuit squarely held that "a decision by USCIS to deny an application for adjustment of status under § 1255 constitutes a 'judgment' to which the jurisdictional bar in § 1252(a)(2)(B)(i) attaches." No. 24-2304, 2025 WL 1427540, at *3 (2d Cir. May 19, 2025) (precedential order). And Plaintiff presents no argument to treat a denial under Section 1182(i) differently.

Second, Plaintiff argues that USCIS denials of his status adjustment applications fall under Section 1252(a)(2)(B)(ii) rather than 1252(a)(2)(B)(i), and that the "[c]orrect [s]tatute" does not bar review. Opp. at 22. Like the above, subsection (ii) similarly prohibits courts from reviewing, as relevant here, "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." But, by Plaintiff's own allegations, the review he seeks is outside that catchall category and is within the enumerated statutory categories of subsection (i). *See* AC ¶ 28 (§ 1255(a)), *id.* ¶ 33 (§ 1182(i)).

Finally, Plaintiff argues that subsection (ii) applies only to discretionary denials of relief, and because Plaintiff's I-485 application was denied on a statutory ground (namely, that he

8

committed fraud), this Court has subject-matter jurisdiction. *See* Opp. at 24–25. To be sure, "§ 1252(a)(2)(B) [regardless of subsection] does not bar judicial review of nondiscretionary, or purely legal, decisions regarding an alien's eligibility" for certain forms of relief, *see Sepulveda v. Gonzales*, 407 F.3d 59, 63 (2d Cir. 2005), including with respect to an I-485 application, *see Xiu Qing You v. Nielsen*, 321 F. Supp. 3d 451, 459–60 (S.D.N.Y. 2018). Defendants say, though, that the denial in this case was based on both statutory eligibility and an exercise of discretion on a different ground. *See* Mot. at 16–17. Plaintiff fails to engage with this argument and just asserts that the agency made a (reviewable) legal determination. *See* Opp. at 24–25. Here, the actual decision supports Defendants' argument, as it contains a balancing analysis, which noted, for example, that Plaintiff failed to leave the United States despite a deportation order. *See* AC at 85–86. Because there was "more than one justification independent of those pertaining to the statutory ineligibility determination," Section 1252(a)(2)(B)(i) bars review. *See Ying Lin v. DHS*, 699 F. App'x 44, 45–46 (2d Cir. 2017).[6]

For these reasons, Plaintiff seeks review of decisions which Section 1252(a)(2)(B)(i) explicitly prohibits this Court from reviewing. Thus, the Court lacks subject-matter jurisdiction.

    C.    *Section 1182(i)*

Defendants further argue that 8 U.S.C. § 1182(i) separately prohibits review of USCIS's denial of Plaintiff's I-601 application. *See* Mot. at 19. Section 1182(i)(2) provides that "[n]o court shall have jurisdiction to review a decision or action of the Attorney General regarding a

---

[6] In any event, even if Plaintiff's challenge could be characterized as a purely legal one, the weight of authority "support[s] the proposition that a question of law or constitutional claim may supersede the INA's jurisdictional bar under the [REAL] ID Act and therefore be presented to a court of appeals, not district courts." *See Ricart Gonzalez v. Dibbins*, No. 20-cv-1871, 2021 WL 3290708, at *5 (D. Conn. Aug. 2, 2021); *see also Shabaj v. Holder*, 718 F.3d 48, 52 (2d Cir. 2013) (under Section 1252(a)(2)(D), petitions for review raising constitutional claims or questions of law must be filed in the appropriate *court of appeals*" (emphasis in original)).

waiver under paragraph (1)," which, in turn, permits the Attorney General to issue hardship waivers for those excluded based on misrepresentation. Plaintiff concedes this argument. And Defendants are, in any event, correct. Like Section 1252(a)(2)(B)(i), Section 1182(i) plainly precludes judicial review of the Government's waiver decision. *See Shabaj*, 718 F.3d at 51–52.

## II.    Other Potential Bases for Subject-Matter Jurisdiction

### A.    *Section 1252(a)(2)(D)*

Plaintiff also argues that there is subject-matter jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D), which "preserves judicial review in a narrow set of circumstances." *Xia*, 2025 WL 1427540, at *3. Specifically, it provides that "[n]othing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). Plaintiff spends a great deal of time developing this argument, *see* Opp. at 13–16, but his reliance on it is misplaced because any challenges he seeks to raise under it must be—pursuant to the statutory text—brought in the Second Circuit, not here. *See Shabaj*, 718 F.3d at 52.

### B.    *Mandamus Act*

Plaintiff also argues that the Mandamus Act provides the Court with subject-matter jurisdiction. *See* Opp. at 26. Although the Mandamus Act imbues the Court with subject-matter jurisdiction, *see* 28 U.S.C. § 1361, Plaintiff fails to analyze this grant in connection with the INA's specific jurisdiction-stripping provisions. Unsurprisingly, he cites no authority for his proposition that the invocation of the Mandamus Act alone allows him to escape those provisions. As such, this Court, like others, rejects his effort to "evade the restrictions" of the

INA merely by using the mandamus styling.  *See Ying Lin v. DHS*, No. 15-cv-5588, 2017 WL 818416, at *6 (E.D.N.Y. Mar. 1, 2017) (collecting cases).

### III.     Merits

Defendants argue that, even if the Court finds that it has subject-matter jurisdiction, certain of Plaintiff's claims fail on the merits pursuant to Rule 12(b)(6).  *See* Mot. at 25–28.  In light of the Court's jurisdictional holdings, those "defenses and objections [are] moot and do not need to be determined."  *Daly v. Citigroup Inc.*, 939 F.3d 415, 426 (2d Cir. 2019).

### CONCLUSION

Accordingly, for the reasons stated above, Defendants' motion to dismiss is granted and the Amended Complaint is dismissed without prejudice for lack of subject-matter jurisdiction.  The Clerk of Court is respectfully directed to enter judgment consistent with this Order and to close this case.

SO ORDERED.

                                                     */s/ Hector Gonzalez*
                                                     HECTOR GONZALEZ
                                                     United States District Judge

Dated: Brooklyn, New York
         May 27, 2025